# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

**IN RE: FREDERICK J. NERONI,**

3:14-af-5
(GLS)

**Respondent.**

---

## ORDER

On June 5, 2014, this court dismissed Frederick J. Neroni's fifth complaint filed in this District.[1] Like the four other complaints, Neroni's complaint lacked any basis in fact or law.

---

[1] *See Neroni v. Coccoma*, No. 3:13-cv-1340, 2014 WL 2532482, at *12, *14 (N.D.N.Y. June 5, 2014) (dismissing action regarding the circumstances surrounding Neroni's disbarment, and an underlying New York state case, pending in Supreme Court in Delaware County brought against a host of New York state judges, court officials, private attorneys, and private law firms, and describing the action as "frivolous, baseless, and vexatious"); *Neroni v. Zayas*, No. 3:13-CV-0127, 2014 WL 1311560, at *1, *12 (N.D.N.Y. Mar. 31, 2014) (dismissing, in part, Neroni's complaint alleging "various constitutional violations related to his disbarment"); *Neroni v. Grannis*, No. 3:11-CV-1485, 2013 WL 1183075, at *1, *14-15 (N.D.N.Y. Mar. 21, 2013) (dismissing action against "a number of New York State officials" regarding the legality of a pond constructed on Neroni's property, noting that the factual allegations upon which the complaint was based were "lengthy and convoluted," and describing the claims as "lacking in legal merit as well as being improperly brought," "legally deficient," and "conclusory and unsupported by any facts on the record"); *Bracci v. Becker*, No. 1:11-cv-1473, 2013 WL 123810, at *1, *30-31 (N.D.N.Y. Jan. 9, 2013) (dismissing action brought against three New York state judges and the state of New York, based on "a continuous and vicious pattern of retaliation by an obviously disqualified judge against an attorney and her clients and family members," and noting that the action was "frivolous and groundless" and that many of the plaintiffs' assertions were "baseless" (internal quotation marks and citations omitted)), *aff'd* 568 F. App'x 13 (2d Cir. 2014); *Neroni v. Becker*, No. 3:12-cv-1226, 2012 WL 6681204, at *1, *4 (N.D.N.Y. Dec. 21, 2012) (dismissing action "predicated on purported personal vendettas, judicial improprieties, and the unconstitutional application of New York statutes in an underlying civil action in which Neroni is presently a defendant" filed against Justice Becker and the state of New York), *aff'd in part, vacated in part by* 555 F. App'x 118 (2d Cir. Feb. 21, 2014); *see also Neroni v. Becker*, No. 3:12-cv-1226, 2013 WL 5126004, at *3 (N.D.N.Y. Sept. 12, 2013) (granting defendants' motion for costs and attorneys' fees and noting that the "action, and the arguments adduced in opposition to [d]efendants' [m]otion to [d]ismiss, were baseless, without foundation, and vexatious" (internal quotation marks and citation omitted)).

It is well settled that, *sua sponte*, "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (citation omitted). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts, such as the imposition of an anti-filing injunction. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citation omitted); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (citation omitted). In addition, the litigant must be given an

opportunity to show cause why an anti-filing injunction should not be entered. *Id.* at 529.

After carefully reviewing the record in this case, the court concludes that unless Neroni shows otherwise, he should be enjoined from any further filings without leave of the Chief Judge. As noted above, Neroni has filed five actions in the Northern District of New York, many stemming from similar factual circumstances and against many of the same defendants, which were all dismissed, at least in part.[2] There is little doubt that Neroni lacks a good-faith expectation in prevailing in his lawsuits—both in the lawsuits in which he represents himself *pro se*, *see Coccoma*, 2014 WL 2532482, and in actions in which he is represented by his wife, Tatiana Neroni, *see Zayas*, 2014 WL 1311560; *Grannis*, 2013 WL 1183075; *Bracci*, 2013 WL 123810; *Becker*, 2012 WL 6681204. Further, Neroni has posed an unnecessary burden on the court and its personnel. Finally, it is apparent that sanctions lesser than an anti-filing injunction would unlikely curb Neroni's excessive and abusive filings, particularly in light of the fact that, in *Becker*, 2013 WL 5126004, at *3, this court imposed

---

[2] In fact, only *Zayas* was dismissed in part, 2014 WL 1311560, at *1, *12; the others were dismissed in their entirety. *See Coccoma*, 2014 WL 2532482; *Grannis*, 2013 WL 1183075, at *1, *14-15; *Bracci*, 2013 WL 123810, at *1, *30-31; *Becker*, 2012 WL 6681204, at *1, *4.

sanctions on Neroni in the form of attorneys fees and costs, which has only fueled Neroni's fire and caused him to insist on the court's recusal or disqualification in subsequent litigation, *see Coccoma*, 2014 WL 2532482.

Notwithstanding the overwhelming support for the issuance of an anti-filing injunction, fairness and the interest of justice dictate that Neroni be given notice and an opportunity to be heard. *See Iwachiw*, 396 F .3d at 529. As such, he shall have fourteen (14) days from the date of this Memorandum-Decision and Order to show cause, in writing, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Neroni shall, within fourteen (14) days of the date of this Order, show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge; and it is further

**ORDERED** that if Neroni does not fully comply with this Order, the court will issue a subsequent order, without further explanation, permanently enjoining Neroni from filing a pleading or document of any kind in any other case in this District without leave of the court; and it is

further

**ORDERED** that the Clerk shall provide a copy of this Order to Neroni by certified mail.

**IT IS SO ORDERED.**

October 20, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court